IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 30 2015
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

KRISTY M. PENNER

         Plaintiff,

-against-

PORTFOLIO RECOVERY ASSOCIATES, LLC
A Virginia Corporation

         Defendant.

Civil Action No. 4:15cv177-KGB

JURY TRIAL DEMANDED

This case assigned to District Judge Baker
and to Magistrate Judge Ray

## ORIGINAL COMPLAINT

Plaintiff, Kristy M. Penner, (Penner), by her undersigned counsel brings this action against Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

3. The acts and events complained of in this Complaint occurred within Faulkner County, Arkansas.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5. The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6. Penner is a resident of Enola, Faulkner County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7. At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8. Portfolio is being served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR 72201

## FACTUAL BACKGROUND

9. The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10. Portfolio filed a lawsuit against Penner in the District Court of Faulkner County, Arkansas on June 3, 2014 alleging a consumer debt.

11. The lawsuit and attached affidavit alleges Penner defaulted on a credit card account obligation with the original creditor, HSBC Bank Nevada, N.A.. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

2

12. Portfolio asserted it purchased and was assigned the account.

13. The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $1,321.60.

14. Upon information and belief, the amount allegedly owed by Penner contains charges for interest as well as fees in addition to the principal amount of the alleged obligation.

15. No account agreement is attached to the lawsuit on which Portfolio bases its claims. Because no contract is attached, the relief requested contains amounts not authorized by contract in violation of **15 U.S.C. §1692f(1)**.

16. The Complaint further requests costs and for all other proper relief.

17. Because "costs and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1)**.

18. By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A)**.

19. By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f**.

20. Portfolio has attached no contractual authorization from the original creditor that the original creditor was authorized to assign, transfer or sell Penner's account; therefore, Portfolio is in violation of **15 U.S.C. §1692e(5)** as Portfolio has evidenced no standing to sue Penner and is taking action it cannot legally take.

21. Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations

and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Penner and any creditor.

22. At the time it commenced the action against Penner, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5).**

23. Portfolio failed to send Penner written notice, within five days after its initial communication, containing the information required under **15 U.S.C. §1692g(a).**

24. Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

25. Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to 15 U.S.C. §1692k(a)(2)(A).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. The averments set forth in paragraphs 1-25 are adopted herein and incorporated as if set forth word for word.

27. Portfolio is in violation of the following sections of the Fair Debt Collection Practices Act as alleged above:

   a. 15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

   b. 15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

   c. 15 U.S.C. §1692e(10): The use of any false representation or deceptive means to collect any debt;

   d. 15 U.S.C. §1692f: Using unfair or unconscionable means to collect or attempt to collect any debt;

e. 15 U.S.C. §1692f(1): The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

f. 15 U.S.C. §1692g(a).

## DAMAGES

28. The averments set forth in paragraphs 1-27 are adopted herein and incorporated as if set forth word for word.

29. As a direct and proximate result of the occurrence made the basis of this lawsuit, Penner is entitled to the following damages:

a. actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

c. actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation.

## DEMAND FOR JURY TRIAL

30. The averments set forth in paragraphs 1-29 are adopted herein and incorporated as if set forth word for word.

31. Penner demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Penner prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

                Respectfully submitted,

                *[signature]*

                J.R. Andrews, Esq.   ABN 92041
                **ANDREWS LAW FIRM**
                2014 Martha Drive
                Little Rock, Arkansas 72212
                Telephone: (501) 680-3634

O2

Filed in District Court of
Faulkner County
6-3-14 *L*, D. C.
10:03 AM

# IN THE DISTRICT COURT OF FAULKNER COUNTY, ARKANSAS
## CONWAY DIVISION

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                                                **PLAINTIFF**

V.                                **CASE NO.** CJXCV-14-535

**KRISTY M PENNER**                                                            **DEFENDANT**

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-32-1008.

2. That the Defendant is a resident of Faulkner County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her HSBC BANK NEVADA, N.A. account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principle amount, $1,321.60, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 1,321.60, for all costs herein paid and expanded, and for all other proper relief.

                                                  Allen & Withrow
                                                  Attorneys at Law
                                                  P.O. Box 17248
                                                  Little Rock, AR 72222

                                                  _____
                                                  Lori Withrow (98069)

Exhibit 1

S&A File No. 13-09082-0
COM

**AFFIDAVIT**

Filed in District Court of
Faulkner County
6-3-14 \_\_\_\_ , D. C.

10:03 AM

State of Virginia
City of Norfolk ss.

I, the undersigned, _____Leonard Wolfe_____, Custodian of Records, for Portfolio Recovery Associates, LLC hereby depose, affirm and state as follows:

1. I am competent to testify to the matters contained herein.

2. I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of the Original Creditor **HSBC BANK NEVADA, N.A./ORCHARD BANK** and those records transferred to Account Assignee from **HSBC BANK NEVADA, N.A.** ("Account Seller"), which have become a part of and have integrated into Account Assignee's business records, in the ordinary course of business.

3. According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **1/24/2011**. Further, the Account Assignee has been assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever.

4. According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **KRISTY M PENNER** ("Debtor and Co-Debtor") to the Account Seller the sum of **$1,321.60** with the respect to account number **ending in ____** as of the date of **7/31/2010** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.

5. According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$1,321.60** as due and owing as of the date of this affidavit.

6. Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is not on active military service of the United States.

Portfolio Recovery Associates, LLC

*/s/ Leonard Wolfe*

By: _____Leonard Wolfe_____, Custodian of Records

Subscribed and sworn to before me on __MAR 27 2014__

_____
Notary Public



SANDRA A. WHITE
NOTARY PUBLIC
REGISTRATION # 7242619
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
SEPTEMBER 30, 2017



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

13-09082-0